UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

XLINK RESOURCE GROUP, LLC,

      Plaintiff,

v.

                                       Action Nos.   2:25mc19
                                                          2:25mc20
                                                          2:25mc21

EXPO PETROLEUM OIL AND GAS USA, LLC, *et al.*,

      Defendants.

## MEMORANDUM OPINION & ORDER

Plaintiff/Judgment Creditor Xlink Resource Group, LLC ("plaintiff"), moves to compel responses to its post-judgment discovery requests to Judgment Debtors, Archer Energy Corporation, Archer Tactical Group, and David Tollaksen, collectively ("defendants"). ECF No. 9 (2:25mc19); ECF No. 9 (2:25mc20); ECF No. 9 (2:25mc21). For the reasons discussed below, the motions to compel are **GRANTED**.

## BACKGROUND

On April 2, 2025, the United States District Court for the Eastern District of Texas entered a final judgment against defendants in favor of plaintiff in the amount of $2,315,597.10, along with pre- and post-judgment interest. ECF No. 1-4 (2:25mc19); ECF No. 1-4 (2:25mc20); ECF No. 1-4 (2:25mc21). On June 3, 2025, plaintiff registered the Eastern District of Texas' final judgment against defendants in this district to facilitate plaintiff's efforts to execute thereon. ECF Nos. 1, 1-1 (2:25mc19); ECF Nos. 1, 1-1 (2:25mc20); ECF Nos. 1, 1-1 (2:25mc21). On September 26, 2025, plaintiff initiated service of post-judgment discovery requests (interrogatories and requests for production of documents) upon defendants. *See* ECF Nos. 10-1, 10-2 (2:25mc 19);

ECF Nos. 10-1, 10-2 (2:25mc20); ECF Nos. 10-1, 10-2 (2:25mc21). Affidavits of service reflect that plaintiff effected service of the interrogatories on September 27, 2025, and requests for production on October 6, 2025. ECF No. 10-3, at 2–3 (2:25mc19); ECF No. 10-3, at 2–3 (2:25mc20); ECF No. 10-3, at 2–3 (2:25mc21).

On October 24, 2025, defendants filed in the Eastern District of Texas, a motion to set aside the default judgment previously entered against them. In response to that filing in the Eastern District of Texas, on December 22, 2025, the parties in the matters pending before this Court filed a stipulation, along with a proposed order to temporarily stay the requested discovery pending a ruling on defendants' motions to set aside the default judgment. ECF No. 7 (2:25mc19); ECF No. 7 (2:25mc20); ECF No. 7 (2:25mc21). On December 31, 2025, the Court approved the parties' stipulation for good cause shown and for the reasons stated therein. ECF No. 8 (2:25mc19); ECF No. 8 (2:25mc20); ECF No. 8 (2:25mc21). The Court also entered an order staying party discovery (but not preventing plaintiff from pursuing discovery from third parties) "until the Defendant[s'] Motion to Set Aside Default Judgment is ruled upon." *Id*. Further, and consistent with the parties' stipulation, the Court ordered defendants "to provide good faith responses to Plaintiff's outstanding Interrogatories and Requests [for Production of Documents] **within 14 days of any denial of the Defendant[s'] motion**." *Id*. (emphasis added).

On February 5, 2026, the United States District Court for the Eastern District of Texas denied defendants' motion to set aside the default judgment against them. ECF No. 10-4 (2:25mc19); ECF No. 10-4 (2:25mc20); ECF No. 10-4 (2:25mc21). Defendants thereafter failed to respond to plaintiff's discovery requests as agreed by stipulation and required by the Court's December 31, 2025 orders. Although counsel conferred about the matter on a couple of occasions in March 2026, defense counsel advised that, as defendants noted an appeal of the Eastern District

of Texas' ruling denying the motion to set aside the default judgment on March 2, 2026, defendants need not presently respond to plaintiff's discovery. ECF No. 10, at 4, ECF No. 13, at 2, ECF No. 13-2, at 2–3 (2:25mc19); ECF No. 10, at 4, ECF No. 14, at 2, ECF No. 14-2, at 2–3 (2:25mc20); ECF No. 10, at 4, ECF No. 13, at 2, ECF No. 13-2, at 2–3 (2:25mc21). Plaintiff now moves to compel defendants to respond to the propounded discovery.

## DISCUSSION

Rule 69(a)(2) of the Federal Rules of Civil Procedure permits judgment creditors to "obtain discovery from any person—including the judgment debtor," for use "[i]n aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2); *see E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 291 (E.D. Va. 2012) (noting that "judgment creditor[s have] wide latitude in conducting post-judgment discovery"). When a judgment debtor resists discovery of evidence relevant to enforcing a judgment, a court is authorized to compel the production "of post-verdict information '[i]n aid of the judgment or execution' of that judgment." *Id.*; *see CarMax Auto Superstores, Inc. v. Sibley*, No. 3:16cv611, 2018 WL 5809410, at *4 (E.D. Va. Feb. 15, 2018) (noting a debtor's obligation to "produce all information 'reasonably calculated to lead to the discovery of admissible evidence' relevant to enforcement of the judgment"); *see also* Fed. R. Civ. P. 37(a)(3).

Consistent with the foregoing authority, plaintiff registered the foreign judgment against defendants in this Court and propounded interrogatories and requests for production of documents to defendants. After defendants sought relief from the judgment in the Eastern District of Texas, the parties jointly stipulated to temporarily stay the pending party discovery "pending a ruling on Defendant[s'] Motion[s] to Set Aside Default Judgment in the Texas case." ECF No. 7, at 2 (2:25mc19); ECF No. 7, at 2 (2:25mc20); ECF No. 7, at 2 (2:25mc21). The parties also stipulated

that, if that motion was denied by the Eastern District of Texas, that "Defendant[s] shall provide good faith responses to Plaintiff's outstanding Discovery Requests within fourteen (14) days of the denial of said motion." *Id.* At the parties' request, the Court approved the parties' agreement and stipulation and ordered defendants "to provide good faith responses to Plaintiff's outstanding Interrogatories and Requests within 14 days of any denial of the Defendant[s'] motion[s]." ECF No. 8 (2:25mc19); ECF No. 8 (2:25mc20); ECF No. 8 (2:25mc21).

Defendants have violated their agreement and the Court's orders. Defendants summarily assert that their stipulation and the Court's orders do not mandate immediate compliance with the outstanding discovery, particularly when, as here, they have noted an appeal to the United States Court of Appeals for the Fifth Circuit. ECF No. 13, at 4 (2:25mc19); ECF No. 14, at 4 (2:25mc20); ECF No. 13, at 4 (2:25mc21). Although contending that such a "reading is overly rigid and ignores both context and governing law," *id.*, defendants offer no compelling reason why represented parties should not be held to their agreements and to comply with the Court's orders. Given defendants' agreement to respond to discovery promptly upon denial of their motion by the Eastern District of Texas—rather than pending an appeal—the Court expects and will compel defendants to do just that. Nor is the Court persuaded that either the interests of justice or the prudent exercise of its discretion requires setting the prior stipulations aside.

Further, the Court rejects defendants' argument that the filing of an appeal in and of itself warrants denial of the plaintiff's motions or entry of another stay of post-judgment discovery. *Id.* at 3–4. Indeed, the default rule specified in Rule 62(a) of the Federal Rules of Civil Procedure provides that execution on a judgment and proceedings to enforce it are stayed for 30 days after entry of that judgment. Fed. R. Civ. P. 62(a). As the Eastern District of Texas entered its judgment on April 2, 2025, ECF No. 1-4, at 5–7 (2:25mc19); ECF No. 1-4, at 5–7 (2:25mc20); ECF No. 1-

4, at 5–7 (2:25mc21); that 30-day period has long since passed. Absent application of exceptions specified in Rule 62(c) and (d), which have no bearing here, Rule 62(b) further provides that a party may seek a stay by providing a bond or other security to be approved by the court. Fed. R. Civ. P. 62(b). Nothing before the Court, however, suggests that defendants have availed themselves of this remedy before the Eastern District of Texas or sought similar relief from the United States Court of Appeals for the Fifth Circuit. *See* Fed. R. Civ. P. 62(g) (discussing the power of an appellate court to stay proceedings); *see Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019) (describing a stay on enforcing a judgment pending appeal as "an extraordinary remedy" that requires a party seeking a stay to show a likelihood of success on the merits, irreparable harm, that the stay would not injure other interested parties, and that the stay is in the public interest). Absent any such action by defendants, particularly after having defaulted in the underlying litigation in the Eastern District of Texas, further delaying responses to the pending discovery is unwarranted.

Finally, defendants argue that, even if discovery were otherwise appropriate under these circumstances, plaintiff's discovery requests are "facially excessive," overbroad, and unduly burdensome. ECF No. 13, at 5 (2:25mc19); ECF No. 14, at 5 (2:25mc20); ECF No. 13, at 5 (2:25mc21). As noted by plaintiff, however, defendants have both failed to meet and confer about the scope of the requested discovery and to make timely objections in response thereto. ECF No. 15, at 5 (2:25mc19); ECF No. 16, at 5 (2:25mc20); ECF No. 14, at 5 (2:25mc21); *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A) & (B); Loc. Civ. R. 26(C). Accordingly, defendants' objections are waived and defendants must respond to the pending discovery.

## CONCLUSION

For the reasons discussed above, plaintiff's motions to compel are **GRANTED**.  ECF No. 9 (2:25mc19); ECF No. 9 (2:25mc20); ECF No. 9 (2:25mc21).  Having waived any objections, defendants shall respond to the propounded discovery by **May 25, 2026**.

The Clerk is **DIRECTED** to send a copy of this memorandum opinion and order to all counsel of record.

**IT IS SO ORDERED.**

/s/
_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
May 7, 2026